UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BRIAN E. DODSON, )
)
Petitioner, )
)
v. ) No. 1:14-cv-314-HSM-WBC
)
MIKE PARRIS, Warden, )
)
Respondent. )

**MEMORANDUM OPINION**

On May 6, 2013, upon his plea of guilty, Brian E. Dodson was convicted in the Criminal Court for Bradley County, Tennessee, of two counts of aggravated assault, receiving for these offenses, consecutive six-year prison terms. He now brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under that judgment of conviction, (Doc. 1).

Warden Mike Parris has submitted an unopposed motion to dismiss, a supporting memorandum, and copies of the relevant state court record, (Docs. 4, 4-1, 5, 5-1, and 5-2). Thus the case is ripe for disposition.

In his motion, respondent argues that the petition is time-barred. After reviewing the pleadings, the motion, and the state court record, the Court concludes that the Warden's motion should be **GRANTED** and this petition **DISMISSED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of

habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly-filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2).

Here, the first circumstance is the relevant one. Petitioner was convicted on May 6, 2013, and he did not appeal. Hence, his conviction and judgment became final thirty days later, on June 5, 2013, upon the lapse of the time for seeking an appeal. *See State v. Green*, 106 S.W.3d 646, 648-50 (Tenn. 2002) (finding that a judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence) (citing Tenn. R. App. P. 4(a)). Accordingly, for purposes of § 2244(d)(1)(A), the time period for petitioner to file his § 2254 petition would end one year afterward, on June 5, 2014.

Because petitioner did not seek post-conviction review, the limitations statute was not tolled, under the tolling mechanism provided in 28 U.S.C. § 2244(d)(2). Pursuant to the prison mailbox rule, petitioner filed this instant application for habeas corpus relief, at the earliest, on October 16, 2014, the date he stated under penalty of perjury that he was placing it in the prison mail system, (Doc. 1, Pet. 11). *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir.

2008) (noting that the signing date of the petition will be deemed to be the filing date, unless there is evidence to the contrary).

Accordingly, AEDPA's clock, which began ticking on June 6, 2013, ticked three hundred sixty-five (365) days and stopped on June 6, 2014. As noted, petitioner filed his § 2254 application on October 16, 2014, more than four months after the lapse of AEDPA's statute of limitations. It is therefore untimely.

Nor is this finding changed by petitioner's citation to *King v Bell*, 378 F.3d 550 (6th Cir. 2004), for the rule that equitable tolling may preclude a statute of limitations defense. It is true that the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether a petitioner shows: (1) that he has been diligent in pursuing his rights, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Id.* Petitioner offers no reason whatsoever to invoke equitable tolling in his case; thus the Court finds that equitable tolling is not warranted here.

Likewise, petitioner's reference to *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), for its holding that ineffective assistance of counsel may, under certain circumstances, excuse a procedural default misses the mark. As respondent points out, *Trevino* applies to excuse a procedural default of a claim of ineffective assistance of trial counsel based on ineffective assistance of counsel in the initial state collateral review proceedings.

3

Here, where the issue is the timeliness of the filing of the § 2254 petition, and not whether a state procedural default bars a claim of ineffective assistance of trial counsel, *Trevino* provides petitioner no shelter from the limitations statute. Furthermore, to point out the obvious, counsel cannot provide ineffective assistance in initial state collateral review proceedings which did not ever occur.

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Because this petition is time-barred under 28 U.S.C. § 2244(d)(1), respondent's dispositive motion will be **GRANTED** and this petition will be **DISMISSED**.

**A separate judgment will enter**.


**ENTER:**

                          */s/ Harry S. Mattice, Jr.*
                          HARRY S. MATTICE, JR.
                          UNITED STATES DISTRICT JUDGE

4

Case 1:14-cv-00314-HSM-WBC   Document 6   Filed 07/13/15   Page 4 of 4   PageID #: 119